**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**May 28, 2021**

# In the Court of Appeals of Georgia

A21A0322. TANKS v. NESMITH et al.

HODGES, Judge.

Jazzilyn Tanks filed an action for damages against the City of South Fulton, Georgia (the "City") and one of its employees after that employee was involved in a motor vehicle collision with Tanks. The City moved to dismiss, arguing that Tanks' ante litem notice was "insufficient" because it "fails to provide the specific amount of monetary damages being sought" from the City as required by OCGA § 36-33-5 (e). After a hearing, the trial court granted the motion. and Tanks appeals.[1] For the reasons that follow, we affirm.

---

[1] The trial court also found that both Tanks and the City agreed that the City's employee who had been sued, Robert Nesmith, was acting within the scope of his employment at the time of the accident and that, pursuant to OCGA § 36-92-3 (a), was not subject to liability or suit. Tanks does not contest this on appeal.

On appeal, we review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citation and punctuation omitted.) *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019). So viewed, the record shows that Tanks sent the City an ante litem notice on July 2, 2018, notifying it of a "30-day opportunity for adjustment of a tort claim against the City" as a result of a May 2018 motor vehicle collision involving the City's employee allegedly caused by "[f]ailure to yield when entering a roadway." Tanks averred that she had suffered "[b]ack pain, left side area pain, neck pain, knee pain and bruises[.]" The notice stated that Tanks would not initiate litigation until after the 30 days had passed or after the City rejected the claim, whichever occurred first. The part of the notice on which this litigation turns stated: "Amount of Loss Claim: $75,000.00, Grady Memorial Hospital bill in excess of $10,000[.]"

Tanks filed suit against the city and its employee in January 2020. The City answered and filed a motion to dismiss, arguing that the ante litem notice failed to

2

state the specific amount of monetary damages sought, in contravention of the requirements of OCGA § 36-33-5 (e). The City argued that the portion of Tanks' claim that read "Grady Memorial Hospital medical bill in excess of $10,000" "could range from $10,000 to infinity. Since there is no definite amount, the ante litem notice does not comply with the basic requirement of [OCGA § 36-33-5] (e)." The trial court found that the addition of the language about the claim for the Grady Hospital bill "in excess" of $10,000 "introduced an ambiguity in determining the specific amount of damages"sought and that Tanks' ante litem notice was, therefore, deficient. It then granted the City's motion to dismiss. This appeal followed.

Tanks argues on appeal that the trial court erred because she complied with OCGA § 36-33-5 (e) in that, "if the City had accepted the offer . . . of the ante litem letter and sent Ms. Tanks'[] counsel a check for $75,000, a binding and enforceable settlement would have been reached."[2] We disagree.

[2] Tanks also asserts that the trial court erred in "fail[ing] to apply basic contract law" to the ante litem notice to analyze whether the "in excess of $10,000" language introduced an ambiguity that rendered the ante litem letter incapable of acceptance by the City as an offer of compromise." Tanks cites no authority for the proposition that contract law applies in the context of an ante litem notice. An ante litem notice, by its own terms, functions as a *notice* of the "specific amount" of damages claimed; it constitutes an offer; and if that offer is not accepted, the amount of damages claimed in the notice "shall *not be binding*" in the ensuing litigation. (Emphasis supplied.) OCGA § 36-33-5 (e).

3

Under OCGA § 36-33-5 (b), a person who seeks to assert a claim against a municipal corporation for money damages must, within six months of the event on which the claim is based, "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury."

OCGA § 36-33-6 (e) provides that

> The description of the extent of the injury required in subsection (b) of this Code section shall include the *specific amount of monetary damages being sought from the municipal corporation*. The amount of monetary damages set forth in such claim shall constitute an offer of compromise. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

(Emphasis supplied.) Whether OCGA § 36-33-5 (e) requires substantial or strict compliance is not clear; neither we nor our Supreme Court has expressly decided the issue. See *City of Lafayette v. Chandler*, 354 Ga. App. 259, 261 (840 SE2d 638) (2020). "[E]ven if only substantial compliance is required for subsection (e), . . . a notice does not substantially comply with subsection (e) unless a specific amount is

4

given. . . ." (Citation and punctuation omitted.) *Manzanares*, 352 Ga. App. at 296 (1). In either case, we need not resolve the issue here because under either standard, Tanks' ante litem notice did not state a specific amount sought.

In *Davis v. City of Valdosta*, 357 Ga. App. 900 (852 SE2d 859) (2020), this Court found that an ante litem notice very similar to the one at issue here failed to comply with OCGA § 36-33-5 (e)'s requirement that the plaintiff set forth a "specific amount of monetary damages." The notice in *Davis* stated:

> Takeila Davis hereby *claims damages* covering the past, present and future medical bills associated with these injuries, *in [the] amount of $30,000.00*. Takeila Davis additionally hearby *claims general damages* for pain and suffering, *in an amount not less than $20,000.00.*

(Emphasis supplied.) *Davis*, 357 Ga. App. at 900. Like the ante litem notice in the instant case, which identifies an "Amount of Loss Claim: $75,000.00, Grady Memorial Hospital bill in excess of $10,000," the *Davis* ante litem letter also states both a definitive amount ($30,000 in *Davis*; $75,000 in the instant case) and an indefinite amount ("not less than $20,000" in *Davis*; "in excess of $10,000" in the instant case).

Likewise, in *Manzanares*, this Court found a notice to be insufficiently specific where the notice stated: "While our investigation is still ongoing, we believe that the

5

value of this claim *may exceed* $250,000.00." (Emphasis in original and supplied.) 352 Ga. App. at 296 (1); accord *Pickens v. City of Waco*, 352 Ga. App. 37, 41 (1) (833 SE2d 713) (2019) (holding ante litem notice seeking damages that "*may exceed* $300,000.00*" was insufficient under OCGA § 36-33-5 (e) because the amount sought was too indefinite to constitute a binding offer of settlement) (emphasis in original). In these types of cases, this Court has concluded that "[e]ven under a standard of substantial compliance, . . . this statement [failed to] convey[] the specific amount of monetary damages *sought* from the City, nor was it specific enough to constitute an offer of compromise that could be accepted by the City." (Emphasis in original.) *Manzanares*, 352 Ga. App. at 296 (1).

Tanks contends that $75,000 is a "certain, definite, and clear amount" and that the "in excess of $10,000" language only refers to "incurred medical bills[.]" There is indeed a difference between the amount of damages incurred and the amount of damages claimed. OCGA § 36-33-5 (e) refers specifically to the amount of monetary damages "sought," i. e., claimed. But Tanks' argument is belied by the very heading of the ante litem notice language at issue here. That language identifies both the $75,000 and the "amount in excess of $10,000" as the "*Amount of Loss Claim*[.]" (Emphasis supplied.)

6

Tanks' assertion that *City of Lafayette* is "nearly identical" to the instant case is unavailing for the very reason outlined above: there is a difference between damages incurred and damages sought. The ante litem letter in *City of Lafayette* provided, in pertinent part, that the plaintiff "*incurred* well over $100,000.00 in medical expenses to date. As a result of the nature and extent of [plaintiff's] injuries and the aforementioned special medical damages we will *seek to recover* $1,000,000.00 (one million dollars) in monetary damages on his behalf." (Emphasis supplied.) 354 Ga. App. at 259. This Court found that the clear differentiation between the amount of damages *incurred* ($100,000) and the total amount of damages *sought* ($1 million) in *City of Lafayette* meant that the plaintiff had stated a specific amount in its claim for $1 million. Id. at 261-262. There is no such differentiation between damages incurred and damages sought in the instant case given that both the $75,000 and the "amount in excess of $10,000" are identified as the amount *claimed*.

As we have found, "[t]his falls short of providing a "specific amount of monetary damages that could constitute an offer of compromise." (Punctuation omitted.) *Davis*, 357 Ga. App. at 901, citing *Manzanares*, 352 Ga. App. at 296 (1).

> We disagree with [Tanks'] contention that she was making an offer to settle her claim for [$75,000]. The notice indicates that the value of the

7

claim is some unknown number above [$75,000, because it also adds an unspecified amount in excess of $10,000] and makes no statement with regard to the [total] amount being sought. An unknown number above [$75,000] is too indefinite to constitute a binding offer of settlement.

(Citation and punctuation omitted.) *Davis*, 357 Ga. App. at 901-902. As a result, we affirm the trial court's order dismissing Tanks' lawsuit against the City upon finding that Tanks' ante litem notice failed to comply with OCGA § 36-33-5 (e).

*Judgment affirmed. Miller, P. J., and Pipkin, J., concur.*